S. Peter Serrano
United States Attorney
Eastern District of Washington
Courtney R. Pratten
Assistant United States Attorney
Echo D. Fatsis
Contract Law Clerk
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANNA ELPERIN, <br><br> Defendant. | Case No.: 1:25-CR-2120-SAB <br><br> United States' Supplemental Motion for Detention |

Plaintiff, United States of America, by and through S. Peter Serrano, United States Attorney, Courtney R. Pratten, Assistant United States Attorney for the Eastern District of Washington, and Echo D. Fatsis, Contract Law Clerk, hereby submits a Supplemental Motion for Detention pursuant to 18 U.S.C. § 3142(e) and (f). The United States filed a Motion for Detention on November 24, 2025, relying on both the presumption for detention based on drug offense charges with a maximum penalty of ten years or more, as well as the risk Defendant will obstruct of justice and/or intimidate prospective witnesses if released prior to resolution in this matter.

In this limited in scope supplemental motion the United States only intends to submit additional legal authority relevant to the burden in a case relying on the

Government's Supplemental Motion for Detention

1

presumption for detention, as well as submitting legal authority and reasoning in a case where a similarly situated Defendant was detained pending final resolution of his case. The United States will not be restating facts and arguments already submitted to the Court in the original Motion for Detention. *See* ECF No. 11.

I. **LEGAL AUTHORITY RELEVANT TO THE BURDEN IN PRESUMPTION CASES**

The United States is entitled to a detention hearing in cases involving a drug offense for which there a maximum term of imprisonment of ten years or more**.** 18 U.S.C. § 3142(f)(1)(C). Moreover, a detention hearing may be granted in a case that involves serious risk that the defendant will or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(B). Both requisites are met here. Defendant was charged in Counts 18 – 22, with a drugs offense with a maximum term of imprisonment of at least ten years. ECF No. 1.

Under 18 U.S.C. § 3142(e)(2), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant in court and the safety of the community, in cases involving a drug offense for which the maximum term of imprisonment is 10 years or more. *See* 18 U.S.C. § 3142(e)(2)(A).

This rebuttable presumption of detention shifts the burden of production to the defendant; however, the burden of persuasion remains with the Government.  *See, e.g., United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985); *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990). In the Ninth Circuit, there is not an established standard to measure whether a defendant has rebutted the presumption in favor of

Government's Supplemental Motion for Detention

2

detention. However, many circuits that have considered the issue, and agree that a defendant need only produce "some evidence" that they are not a flight risk or a danger to the community. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); O'Brien, 895 F.2d at 815; *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985); *United States v. Hurtado*, 779 F.2d 1467, 1470 n.4 (11th Cir. 1985); *see also United States v. Moore*, 607 F. Supp. 489, 499 (N.D. Cal. 1985); *United States v. Robinson*, No. 4:24-cr-00267-DCN-3, 2025 U.S. Dist. LEXIS 26604, 2025 WL 477485, *5 (D. Idaho Feb 12, 2025).

If the defense satisfies their burden of production, the court must weight the factors set forth under 18 U.S.C § 3142(g).

## II. LEGAL AUTHORITY IN WHICH A SIMILARLY SITUATED DEFENDNAT WAS DETAINED PENDING FINAL RESOLUTION OF HIS CASE.

The United States intends to argue fully for the pretrial detention of Defendant at the detention hearing on Wednesday, November 26th at 9:00 AM. While detention in cases involving white-collar crimes is not common in this district, it is warranted and supported in other courts around the country. For example, the Sixth Circuit reversed a defendant's pretrial release, and found since there was probable cause the defendant committed a controlled substance offense based on the grand jury indictment, the facts of the case analyzed under 18 U.S.C. § 3142(g) supported the detention of a medical doctor who, similar to Defendant, was charged with 21 U.S.C. §§ 841, 846 and 18 U.S.C. §§ 1347, 1349. *United States v. Bothra*, No. 19-1092, 2019 U.S. App. LEXIS 9375, *2-3 (6th Cir. Mar. 28, 2019); *see also United States v. Bothra*, 2:18-cr-2800-SJM-APP (E.D. Mich. Dec. 4, 2018) ECF No. 1 (for charges). In *Bothra*, the court considered the defendant's ties to another country, the risk of a substantial sentence the amount of Schedule II drugs the defendant false prescribed,

Government's Supplemental Motion for Detention

3

and the overall health care fraud scheme he designed to make money. *Bothra*, at *2-5. The Sixth Circuit explicitly acknowledged that "Although his offenses did not involve violence, his alleged conduct included prescribing medically unnecessary…and highly addictive drugs." *Id.*, at *4.

### III.  CONCLUSION

Relying on the legal authority and arguments in both the filed Motion for Detention (ECF No. 11) and this Supplemental Motion for Detention, the United States relies on the presumption of detention based on the controlled substance charges, the serious nature of her controlled substance charges and conduct, and the risk of witness intimidation or harm, or attempts to intimidate or harm, and the risk of obstruction of justice, should the Defendant be released pending final resolution of this matter. Therefore, the United States maintains there are no conditions or combination of conditions that could assure the safety of the community and the Defendant's appearance at future proceedings, and requests she be detained pending final resolution of the case.

Respectfully submitted this 26th day of November 2025.

S. Peter Serrano
United States Attorney

*s/ Courtney R. Pratten*
COURTNEY R. PRATTEN
Assistant U.S. Attorney

Government's Supplemental Motion for Detention

4

CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, I electronically filed the foregoing with the clerk of the Court using the CM/ECF System which will send notification of such filing to all counsel of record.

*s/ Courtney R. Pratten*
Courtney R. Pratten
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425